UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REID-ASHMAN MANUFACTURING, INC.,

    Plaintiff,

v.

SWANSON SEMICONDUCTOR SERVICE, L.L.C.,

    Defendant.
_____/

No. C-06-4693 (JCS)

**ORDER DENYING MOTIONS TO DISMISS AND MOTION TO TRANSFER [Docket No. 10, 11, 12]**

## I. INTRODUCTION

Plaintiff Reid-Ashman Manufacturing, Inc. ("Reid-Ashman") is a California corporation that designs and manufactures test head manipulators and interfacing equipment for the semiconductor fabrication industry. Complaint, ¶ 2. Defendant Swanson Semiconductor Service, L.L.C. ("Swanson") is a limited liability company organized under the laws of Texas and founded by a former employee of Reid-Ashman, Todd Swanson. Complaint, ¶ 3; Motion to Dismiss, Ex. A (Affidavit of Todd Swanson). Reid-Ashman alleges that Swanson offers for sale and sells test head manipulators that infringe Reid-Ashman's patent rights and on that basis asserts claims of patent infringement and inducement to infringe. Swanson, in turn, brings motions to dismiss and to transfer, asserting that there is no personal jurisdiction over Swanson, that venue in this district is improper and that transfer to the Northern District of Texas is in the interest of justice. The Court finds that the Motions are suitable for determination on the papers, without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for **November 17, 2006** at 9:30 a.m. is **vacated**. For the reasons stated below, the Motions are DENIED.

**II.   BACKGROUND**

   **A.   The Complaint**

Reid-Ashman was founded by Steve Reid and Jack Ashman in San Jose, California in 1979. Complaint, ¶ 2. The company moved to Saint George, Utah in 1995, but remains a California corporation. *Id*. Reid-Ashman is the assignee of United States Patent No. 6,766,996 ("the '996 patent"), which describes a manipulator used for placing test heads on automatic test equipment. Complaint, ¶ 7. Automatic test equipment, in turn, is used to test semiconductor chips "while they are still part of the semiconductor wafer from which they are fabricated, to avoid the cost of cutting out and packaging defective chips." *Id*.

According to the Complaint, Todd Swanson worked for Reid-Ashman in San Jose, California. Complaint, ¶ 10. He left Reid-Ashman in 2003 and created Swanson. *Id*. The complaint further alleges, on information and belief, that another Reid-Ashman employee, Derrick DeLong, subsequently left Reid-Ashman to become a "member" of the LLC. *Id*. Reid-Ashman alleges that both Todd Swanson and DeLong are familiar with its test head manipulator technology and in fact, "began offering for sale, in both Texas and California, test head manipulators in direct competition with test head manipulators sold by Reid-Ashman as the commercial embodiment of the Reid-Ashman technology." Complaint, ¶ 11. Reid-Ashman further alleges that Swanson has sold two of its test head manipulators, and loaned a third, to Texas Instruments in Texas. Complaint, ¶ 12.

   **B.   The Motions**

Swanson has filed three motions: 1) a motion to dismiss for lack of personal jurisdiction ("the Motion to Dismiss"); 2) a motion to transfer venue to the Northern District of Texas ("the Transfer Motion"); and 3) a motion to dismiss the action under the doctrine of forum non conveniens ("the Forum Non Conveniens Motion"). All three motions are supported by a single declaration by Todd Swanson, which states as follows:

> I am and always have been the sole member of Swanson Semiconductor Service, LLC (Swanson), a Texas limited liability company. I am a resident of the state of Texas.

> Swanson conducts no business activities in the State of California excepting referring repair work to an independent consultant who has always been paid as an independent contractor. Any alleged patent infringement took place in the Northern District of Texas, the only purchaser of the product has its principal place of business in the Northern District of Texas, Swanson only conducts business in the State of California through an independent contractor, Swanson has not sold the alleged infringing product in the State of California, the alleged infringing product was manufactured in the Northern District of Texas, no acts of alleged infringement occurred in the State of California, Swanson does not reside in this district nor does it conduct business in California absent referrals to an independent consultant for service work, Swanson does not maintain a regular and established place of business in the state of California, and Mike Robertson, Sam Fields, Kelly Daughtry, Kevin Kilpatrick, David Johnson, Keith Knight, Jack Wilson, and Todd Swanson are critical witnesses and reside in the Northern District of Texas. Finally, the product at issue has only been distributed in the State of Texas.
>
> Swanson is a small company with under five (5) employees. If Swanson is forced to litigate in California, the resulting financial damage would be devastating.
>
> In contrast, I was employed by Reid Manufacturing, Inc. (Plaintiff) from 1998-2002. During that time period, Plaintiff had hundreds of employees, maintained offices in the State of Texas, and performed extensive work in the State of Texas and around the world.

Motion to Dismiss, Ex. A (Swanson Affidavit).

### C.     The Opposition

Reid-Ashman asserts that the Motion to Dismiss should be denied because there is sufficient evidence to make a prima facie case of personal jurisdiction as to Swanson. Reid-Ashman further asserts that in patent infringement actions, venue is proper where a business entity is subject to personal jurisdiction and therefore, venue is proper in this action. Finally, Reid-Ashman argues that Swanson has not established that the action should be transferred to the Northern District of Texas on the basis of convenience of the parties.

In support of its assertion that there is personal jurisdiction over Swanson, Reid-Ashman submits evidence that Swanson has an office in San Jose in addition to its Texas office. In particular, a web page from Swanson's web site that was printed on October 12, 2006[1] lists two addresses for Swanson: one in Halom City, Texas and the other in Silicon Valley. Declaration of

---

[1] Reid-Ashman has also provided a print-out of the same page dated July, 9, 2006. *See* Declaration of W. Samuel Niece in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Forum Non Conveniens, and Motion to Transfer Venue ("Niece Decl."), Ex. A.

Matthew J. Armstrong in Support of Plaintiff's Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Forum Non Conveniens, and Motion to Transfer Venue ("Armstrong Decl."), Ex. A.  The Silicon Valley address is listed as 372 N. 15th Street, San Jose CA 95112, and includes an office telephone number and a fax number in the 408 area code.  *Id*.  The web page lists Derrick DeLong as the contact person for that office.  *Id*.  Swanson offers a range of products for sale on its web site, including test head manipulators, and claims to be a "Factory Trained/Experienced Technical Service Provider" for Reid-Ashman.  *Id*.  The web site allows visitors to contact the company by providing personal information and an e-mail address.  *Id* .

The San Jose address on Swanson's web site is also listed on a business card apparently used by Derrick DeLong.  *See* Declaration of Budd Black  in Support of Plaintiff's Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Forum Non Conveniens, and Motion to Transfer Venue ("Black Decl."), Ex. A.  The business card carries a large Swanson Semiconductor logo in the center, with DeLong's name in the top left-hand corner and the title "Vice President."  *Id*.  The bottom left-hand corner lists the San Jose address.  *Id*.  No other address is listed on the card.  According to Reid-Ashman employee Budd Black, the business card was left at the Reid-Ashman booth during the SEMICON West 2006 convention, held in July 2006 in San Francisco.  *Id*., ¶¶ 3-4.

Reid-Ashman also points to Swanson's participation in the SEMICON West 2006 convention as evidence that there is personal jurisdiction over Swanson.  According to Reid-Ashman employee Carl Vargas, Swanson had a booth at this conference.  Declaration of Carl Vargas in Support of Plaintiff's Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Forum Non Conveniens, and Motion to Transfer Venue ( "Vargas Decl."), Ex. A.  Vargas also states that during the conference, he saw Todd Swanson and Derrick DeLong at a reception hosted by a Japanese company, Advantest Corporation, that manufactures automatic test equipment.  *Id.,* ¶ 4.  On its web site, Swanson

4

announced it would be participating in SEMICON West in San Francisco, describing the conference as "[t]he biggest semiconductor show in the western hemisphere." Armstrong Decl., Ex. A.

Despite the allegation in the complaint that DeLong is a member of Swanson, Reid-Ashman *does not* present evidence that DeLong is a member of the limited liability company along with Swanson. Nor does Reid-Ashman dispute Todd Swanson's representation in his declaration that he is the sole owner of Swanson. Reid-Ashman also does not dispute that Swanson has not actually sold any of the allegedly infringing products in California.

### D. The Reply

In its Reply, Swanson reiterates its position that there is no personal jurisdiction in this district because it is a Texas company, owned by a Texas resident doing business only in Texas. Swanson emphasizes that it has sold its product only in Texas and asserts that its web site is passive and therefore does not give rise to personal jurisdiction. It also asserts that attendance at one trade show by a corporate officer is not sufficient to provide a basis for personal jurisdiction. Swanson does not address whether the San Jose location listed on both its web site and on DeLong's business card supports a finding of personal jurisdiction.

## III. ANALYSIS

### A. Personal Jurisdiction

In actions for patent infringement, Federal Circuit law governs the determination of whether there is personal jurisdiction over a defendant. *See Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2002). Where the court does not hold an evidentiary hearing but decides issues of jurisdiction based upon the pleadings and supporting affidavits, the plaintiff need only make a prima facie case of personal jurisdiction to prevail. *Id*. at 1349. In determining whether a prima facie case has been made, the court accepts as true the uncontroverted allegations in the complaint and resolves factual disputes in affidavits in favor of the plaintiff. *Deprenyl Animal Health, Incv. v. University of Toronto Innovations Foundation* 297 F.3d 1343, 1347 (Fed. Cir. 2002).

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's

long-arm statute permits the assertion of jurisdiction without violating federal due process." *3D Systems, Inc. v. Asrotech Laboratories, Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998). Because California's long-arm statute permits it to exercise jurisdiction to the extent permitted by the Due Process Clause of the Constitution, the only question before the Court is whether the exercise of personal jurisdiction over Swanson by this Court comports with due process. *See id.*, at 1377 (citing Cal. Code Civ. Proc. § 410.10).

A court may exercise personal jurisdiction over a defendant where the defendant has "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). These minimum contacts can give rise to either general or specific jurisdiction. *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-416 (2000)). Specific jurisdiction exists where the claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S 462, 472473 (1975)). Because the Court concludes that it has specific jurisdiction over Swanson, it does not reach the question of whether there is also general jurisdiction.

The Federal Circuit has established a three-prong test for determining whether specific jurisdiction exists. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-1546 (Fed. Cir. 1995). Courts consider: 1) whether the defendant purposefully directed its activities at residents of the forum; 2) whether the claims arise of or relate to those activities; and 3) whether assertion of personal jurisdiction is reasonable and fair. *Id.* The Court concludes that all three requirements are met here.

First, Swanson has purposefully directed its activities at residents of the forum by maintaining an office in this district, that is, in San Jose, California. *See Tomar Electronics, Inc. v. Whelen Technologies, Inc.*, 819 F. Supp. 871, 876 (D. Ariz. 1992) (holding that operating regional

sales office for ten months, with a listed telephone number in an area code within the forum, "amount[ed] to minimum contacts"). The Silicon Valley office is advertised on Swanson's web site as a contact for those interested in purchasing its products, including its test head manipulators. It is also listed by Derrick DeLong – who represents himself as a vice president of Swanson – as his office address. In maintaining this California office and publicizing its address and telephone as a contact for obtaining Swanson products and services, Swanson has directed its activities at the forum. This conclusion is reinforced by Swanson's participation in the SEMICON West conference, in San Francisco. The undisputed evidence shows that Vice President Derrick DeLong – whose office address is listed on the web site and his card as being in San Jose – was actively promoting Swanson's services and products by maintaining a booth and distributing his card at the conference, and participating in events sponsored by other companies in the semiconductor field.

The Court rejects Swanson's suggestion that its San Jose office does not provide a basis for personal jurisdiction because it only performs repair work and DeLong is only an "independent consultant who has been paid as an independent contractor." Motion to Dismiss, Ex. A.[2] First, Swanson has pointed to no authority that distinguishes between employees and independent contractors in determining whether a defendant has directed its activities toward the forum. Nor has the Court found any such authority. Second, the suggestion that the San Jose office only engages in repair work is in conflict with the evidence presented by Reid-Ashman, namely, Swanson's web site, DeLong's card, and Swanson's participation and activities at the SEMICON West conference. To the extent the affidavit of Todd Swanson is in conflict with the evidence Reid-Ashman presents, the Court resolves that conflict in favor of Reid-Ashman, as it is required to do in light of the procedural posture here. *See Deprenyl*, 297 F.3d at 1347.

Next, the Court concludes that the claims in this case are related to Swanson's ties to the forum. In reaching this conclusion, the Court relies on the Federal Circuit's holding in *3D Systems, Inc. v. Aarotech Laboratories* ("*3D Systems*"), 160 F.2d 1373 (Fed. Cir. 1998). In that case, the Federal Circuit addressed whether personal jurisdiction existed where a defendant had sent

---

[2] The Court also notes that while this seems to be the import of Todd Swanson's declaration, he never actually refers to DeLong by name or to the San Jose office.

7

promotional letters and price quotations to forum residents but had never sold the allegedly infringing product in the forum. *Id*. at 1378.  The court held that because a patent may be infringed where a defendant has *offered* to sell an infringing product, these marketing activities provided a sufficient basis for finding personal jurisdiction. *Id*.  Similarly here, there is prima facie evidence that Swanson maintains an office in the forum that it uses as part of its effort to market its products, including the allegedly infringing product.  Therefore, the Court concludes that Swanson's ties to the forum are related to the claims in this case, even though there is no evidence that any sales have actually taken place in the forum.

Because the Court concludes that the first two prongs of the test for personal jurisdiction are met, the burden shifts to Swanson on the third prong, that is, whether exercise of personal jurisdiction is reasonable.  Accordingly, Swanson can defeat personal jurisdiction only if it presents a "compelling" case that exercise of personal jurisdiction it unreasonable. *Electronics for Imaging, Inc.*, 340 F.3d at 351-352 (citing *Burger King*, 471 U.S. at 477).  Factors courts consider in determining whether the exercise of jurisdiction is reasonable are: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies."  Swanson has not made a compelling case that exercise of personal jurisdiction over it is unreasonable.

The only evidence Swanson has presented in support of its assertion that the exercise of personal jurisdiction over it is unreasonable is Todd Swanson's conclusory statement that litigating in this forum will be burdensome for Swanson because of its small size.  While the Court does not discount the burden that litigation in a distant forum imposes on a small company, in this case that burden is mitigated by the fact that Swanson has at least one corporate officer, as well as an office, in the forum.  Moreover, Swanson's owner, Todd Swanson, clearly has contacts in Silicon Valley based on both his current and past employment and therefore is not faced with the logistical difficulties that face defendants who are unfamiliar with the forum.

On the other hand, California has some interest in exercising jurisdiction to the extent that Reid-Ashman is a California corporation, even though that interest is less than it would have been if

Reid-Ashman had not relocated to Utah. Further, California can efficiently resolve this conflict and award plaintiff full relief, if appropriate. In short, Swanson has not shown that exercise of personal jurisdiction over it would be so unreasonable as to make it unconstitutional.

The Court concludes that it has personal jurisdiction over Swanson.

**B.     Venue**

        **1.     Whether Venue is Proper**

Swanson asserts that venue in this district is not proper, citing to both 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b). The Court concludes that venue is proper.

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." Section 1400(b) is construed as incorporating 28 U.S.C. § 1391(c), which provides that for the purposes of venue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir. 1990) (holding that 28 U.S.C. § 1391(c) applies to 28 U.S.C. § 1400(b)); *Trintec Industries, Inc. v. Time to Invent, LLC*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) (holding that "[v]enue in a patent action against a corporate defendant exists where there is personal jurisdiction"). Further, the reference to "corporate defendants" in § 1391(c) is construed liberally to include unincorporated associations, including limited liability companies. *See Pipett v. Waterford Development, LLC*, 166 F. Supp. 2d 233, 238 E.D. Penn 2001) (LLC treated as corporate defendant for purposes of § 1391(c)); *see also Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 559-560 (1967) (treating labor union like corporate defendant for purposes of venue); *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217 (5th Cir. 1969) (treating partnership like corporate defendant for purposes of venue). Therefore, venue is proper if there is personal jurisdiction over Swanson. For the reasons stated above, venue is proper.

        **2.     Whether the Case Should be Transferred under 28 U.S.C. § 1404(a)**

Swanson also invokes the doctrine of forum non conveniens in its Forum Non Conveniens Motion. The Court construes this motion as a motion to transfer under 28 U.S.C. § 1404(a). For the

9

1 reasons stated below, the Court concludes that a transfer to the Northern District of Texas is not
2 warranted here.

3 Pursuant to 28 U.S.C. § 1404(a), a case may be transferred "for the convenience of the
4 parties and witnesses, in the interest of justice" to "any other district or division where the action
5 might have been brought."[3]  A party seeking transfer must make "a strong showing . . . to warrant
6 upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d
7 834, 843 (9th Cir. 1986).  In determining whether to transfer an action under § 1404(a), courts may
8 consider the following factors: "(1) the location where the relevant agreements were negotiated and
9 executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of
10 forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's
11 cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums,
12 (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses,
13 and (8) the ease of access to sources of proof."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498
14 (9th Cir. 2000).

15 The first two factors do not point strongly in either direction.  There is no contractual
16 agreement at issue and both this Court and the Northern District of Texas are likely equally familiar
17 with the law governing claims for patent infringement.  With respect to the third factor, the Court
18 concludes that Plaintiff's choice of forum is entitled to less deference than it would be if Reid-
19 Ashman were still based in San Jose.  *See Unisys Corp. v. Access Co., Ltd.*, 2005 WL 3157457 (N.D.
20 Cal.) (holding that where plaintiff did not have principal place of business in forum and where
21 operative events did not occur in forum, plaintiff's choice of forum was entitled to only minimal
22 consideration).  Nonetheless, given the history of the case and the connection to San Jose described
23 above, Reid-Ashman's choice of forum is entitled to some deference.  Further, both parties have
24 some connection with the forum, given that Swanson's founder allegedly became familiar with the
25 technology at issue while employed by Reid-Ashman in San Jose.  Ease of access to proof is
26 unlikely to be an issue.  The burden on Swanson of litigating in this district may be somewhat more

---

28 [3] The parties do not dispute that the action could have been brought in the Northern District of Texas.

10

than it would be on Reid-Ashman if the case were transferred; Reid-Ashman does not dispute that it has many offices throughout the country. The location of witnesses does not offer strong support for transfer. Although Swanson offers a list of "critical" witnesses who reside in the Northern District of Texas, it has provided no explanation of the likely testimony these witnesses would provide. *Id.* at * 4 ("[t]o demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance"). Balancing these factors, the Court concludes Swanson has not made the strong showing required to support a transfer under § 1404(a).

**IV.  CONCLUSION**

The Motions are DENIED.

Dated: November 13, 2006

JOSEPH C. SPERO
United States Magistrate Judge

11