1  DEAN A. MOREHOUS, CA BAR NO. 111841
   dam@thelen.com
2  CHRISTOPHER L. OGDEN, CA BAR NO. 235517
   cogden@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
4  San Francisco, CA 94105–3606
   Tel. 415.371.1200
5  Fax 415.371.1211
   Attorneys for Plaintiff and Counterclaim Defendant
6  REID-ASHMAN MANUFACTURING, INC.

7  Richard L. Schwartz, TX BAR NO. 17869500
   rschwartz@whitakerchalk.com
8  WHITAKER CHALK SWINDLE & SAWYER L.L.P.
   301 Commerce Street, Suite 3500
9  Fort Worth, TX 76102-4186
   Tel. 817.878.0500
10 Fax. 817.878.0501
   Attorney for Defendant and Counterclaim Plaintiff
11 SWANSON SEMICONDUCTOR SERVICE, LLC
   Appearing *pro hac vice*

12
                    UNITED STATES DISTRICT COURT
13            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
14

15 REID-ASHMAN MANUFACTURING, INC.,          Case No.: C 06–04693 JCS
   a California corporation,
16                                            **STIPULATED PROTECTIVE ORDER**
           Plaintiff and Counterclaim Defendant,
17
           vs.
18
   SWANSON SEMICONDUCTOR SERVICE,
19 LLC, a Texas limited liability company,
20         Defendant and Counterclaim Plaintiff.

21

22

23         In order to facilitate and expedite discovery in the above-captioned action and pursuant to

24 FCRP 26(c) and L.R. 7–12 the parties hereto, by the stipulation of their respective undersigned

25 counsel, have agreed to the entry of a protective order and to the terms thereof.

26         1.      **Designation and Marking of Protected Information**.  Upon a determination by

27 any party or nonparty from whom discovery in this matter is sought (the "Designating Party") that

28 any document or thing being produced or disclosed, whether formally or informally, including, but

not limited to, answers to interrogatories, documents, transcripts of depositions, responses to requests for admissions, and any other discovery or disclosure made in this litigation that contains a trade secret or other proprietary or confidential business information that the Designating Party would, in the ordinary course, not disclose to competitors, the Designating Party may designate such document or thing as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for handling as specified by this Protective Order.  The designation CONFIDENTIAL— ATTORNEYS' EYES ONLY is a sub-classification of Protected Information and the two designations, CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY are collectively referred to as "Protected Information."

       1.1    **Protected Information**.  Protected Information shall include, *inter alia*, any document, thing, or witness testimony that the Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence.  Protected Information further includes, but is not limited to, technical information such as product specifications or technical information, trade secrets, formulas, research and development information, customer lists, sales and cost information, and pricing information, patent-license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations, information that a party has treated as confidential and is not subject to public disclosures; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as confidential pursuant to FRCP 26(c)(7) or any other applicable legal standard.

       1.2    The Designating Party shall designate such Protected Information as CONFIDENTIAL by affixing to it, in a manner that shall not interfere with its legibility, the words CONFIDENTIAL, on all or any part of the document or thing.  Any summary, compilation or copy of any document or thing so designated as CONFIDENTIAL shall be treated as provided by this Order.  The CONFIDENTIAL designation shall, whenever

practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 11, 12 and 13 below.

       1.3     CONFIDENTIAL—ATTORNEYS' EYES ONLY.  To the extent a Designating Party believes that certain Protected Information is so sensitive that its dissemination deserves further limitation, the Designating Party may additionally designate such information as CONFIDENTIAL—ATTORNEYS' EYES ONLY.  For Protected Information so designated, access to, and disclosure of such Protected Information shall be limited to the individuals listed in Sections 3.1, 3.2, 3.3, 3.5, 3.6, and 3.7 below.

**2.**     **Time and Manner of Designation**

       2.1     **Time of Designation**

       2.1.1    Designation of Protected Information shall be made at the following times:  for documents, at the time of the production of documents; for declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

       2.1.2    For testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) days after the receipt by the Designating Party of the transcript of such testimony.  To the extent a party or non-party does not timely designate documents or information as CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY such party or non-party may so designate testimony as provided under paragraph 2.3.1 below.

       2.2     **Manner of Designation**.  The designation of Protected Information shall be made in the following manner:

       2.2.1    For documents, by placing the notation CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on each page of such document;

       2.2.2    For tangible items, by placing the notation CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on the object or container thereof or if such are not practicable; as otherwise agreed by the parties;

/ / /

2.2.3   For declarations, written discovery responses, court filings or pleadings, by placing the notation CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on the face of such document; and

2.2.4   For testimony, (a) by orally designating such testimony as being CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY within the time periods allowed pursuant to paragraph 2.1.2, above, or 2.3, below, and (b) by requesting that the reporter place the notation CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover.

2.3     **Subsequent Designation**

2.3.1   Documents, declarations, written discovery responses and pleadings may be designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY within the time periods set forth in paragraph 2.1.2.  Testimony may only be designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY within the time periods set forth in subparagraph 2.1.2, above, unless otherwise agreed to by counsel for the parties in writing or ordered by the Court, or as provided by ¶ 17.  Such retrospective designation shall be made in writing by the party or non-party making the designation.  At the time of making such retrospective designation, it shall be the obligation of the party or non-party making such retrospective designation to provide the other party (or in the case of a non-party, both parties) with a revised copy of the transcript of such deposition or court testimony in which (1) any pages of such transcript containing testimony designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY have been properly marked in accordance with paragraph 2.2.4, above, and placed in a separately bound, conspicuously marked transcript and (2) all other pages of the transcript have been placed in a different, separately bound transcript. Persons or parties to whom such documents, declarations, pleadings, transcripts or

testimony have previously been disclosed shall not be responsible for any

disclosure inconsistent with the new designation having taken place prior to the

actual receipt by such persons or parties of the writing making such new

designation, subject to the provisions of ¶ 2.1 above and its subparagraphs.

3. **Use or Disclosure of Protected Information**. Protected Information shall not be

used by or disclosed to any other person or entity, except as follows:

3.1 Protected Information designated as CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to court personnel;

3.2 Protected Information designated as CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to outside counsel

that is providing active assistance with pending litigation;

3.3 Protected Information designated as CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to any retained

consultant or a testifying expert retained by, or at the direction of outside counsel for the

purpose of assisting with the pending litigation, provided that such consultant or expert

signs the Confidentiality Agreement, attached hereto as Exhibit A, prior to the receipt of

any Protected Information;

3.4 Protected Information designated as CONFIDENTIAL may be disclosed to

a maximum of three (3) employees at the direction of outside counsel, provided however

that such persons sign the Confidentiality Agreement, attached hereto as Exhibit B, prior

to the receipt of any Protected Information, and provided that the employees or business

consultants are identified for the opposing party prior to any such disclosure;

3.5 Protected Information designated as CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to certified court

reporters or videographers retained by, or at the direction of outside counsel for the

purpose of documenting and maintaining a record of witness testimony;

3.6 Protected Information designated as CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS EYES ONLY may be disclosed to certified

interpreters and/or translators retained by outside counsel to assist with efforts to obtain testimony and/or statements from witnesses; and/or

3.7     Protected Information designated as CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to a witness, during the conduct of deposition or trial testimony, provided that the disclosure is made in the presence of counsel for the Designating Party, who shall be permitted to object to the disclosure and seek enforcement of this Stipulated Protective Order should he or she deem necessary and/or appropriate, unless the witness is the author or identified recipient of the Protected Information, in which case the Protected Information can be used with or disclosed to that witness without limitation.

4.     **Undertaking**.  Prior to any disclosure pursuant to ¶ 3.3, and authorized pursuant to ¶¶ 9 and 10, each Expert to whom disclosure is to be made shall execute the Confidentiality A Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement" or "Undertaking A"), and each person to whom any disclosure is made pursuant to or ¶¶ 3.4 shall execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement" or "Undertaking B").  The Confidentiality Agreement shall be maintained by Outside Counsel for the Receiving Party with whom such person are affiliated or by whom they are retained, and such counsel will notify opposing counsel's party as to the identity of such person within seven (7) calendar days.

5.     **Outside Counsel's Communication with Client**.  Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Protected Information.

6.     **Disclosure to Author or Recipient**.  Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY to

/ / /

any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing.

7. **Filings with this Court**. To the extent that any documents or things designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY are to be filed with this Court, each such document and thing shall be submitted in accordance with Civil Local Rule 79–5, in conjunction with an Administrative Motion to File Under Seal.

8. **Redaction**. A Designating Party may, in good faith, redact Protected Information from any document or thing that is produced, if and only if the information is either (A) subject to a claim of privilege, or (B) not responsive to any discovery request or duty to disclose. However concurrent with the production of any redacted documents or things, a Designating Party making the redactions shall provide a written description of the nature of all redacted, relevant, privileged, information and the basis for the redaction. If the Receiving Party shall so object, counsel for it and the Designating Party shall meet and confer. If they are unable to reach agreement, the Receiving Party may move to compel the production of the redacted information. If production is ordered, the Designating Party shall be entitled to legend the document or thing being produced as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY in accordance with this Order.

9. **Disclosure to Experts**. Subject to ¶ 10, discussion of Protected Information may be made to Experts who are not regular employees of any party, and who are actively assisting in the preparation for and/or trial of this action. Prior to disclosing any Protected Information to any Expert, Outside Counsel for the Receiving Party shall determine that disclosure to an Expert of particular Protected Information is, in that counsel's good faith judgment, reasonably necessary to the party he represents prosecution or defense of this action.

10. **Opportunity to Object to Proposed Expert**. Prior to disclosure of any of the Designating Party's Protected Information, to a Proposed Expert, the Receiving Party shall give it at least eight (8) calendar days written notice to the Designating Party, stating the name and address of each Expert to whom the disclosure is proposed to be made, and furnishing a copy of the Proposed Expert's Confidentiality A Agreement, a copy of the current resume of the Proposed

Expert showing his/her education and employment within the previous four (4) years.  If the Proposed Expert served as a testifying or non-testifying expert in any other matter during the past four years, the case name and number, the name of the attorney who engaged the Proposed Expert, and the name of the client shall be disclosed along with a brief statement of the subject matter of the consultation provided.  If, within the eight (8) calendar day period, the Designating Party objects in good faith to the proposed disclosure to the Expert and brings a motion for protective order within eight (8) calendar days disclosure shall not be made until and unless this Court orders disclosure to that Expert.  This Court shall deny objections to disclosure to an Expert unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

11.    **Use of Protected Information at Depositions**.  Except as otherwise approved by the Designating Party, or by an order of this Court, a party may use Protected Information in deposing only:  (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of his or her employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or copy recipient of such information; (c) an individual who although not identified as an author, addressee, or copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an Expert (who shall first have executed the Confidentiality A Agreement and shall not have been successfully objected to pursuant to ¶ 10).

12.    **Attendees at Protected Information Depositions**.  No one may attend or review the transcripts of the portions of any depositions at which Protected Information is shown or discussed other than this Court and its personnel, and the court reporter and/or videographer.  Outside Counsel for the parties, outside counsel for a non-party deponent (who shall first have executed a Exhibit B Confidentiality Agreement if such outside counsel is not also Outside Counsel for one of the parties), and any Expert duly qualified under ¶ 10 (who shall first have executed the Exhibit A Confidentiality Agreement).

13.    **Distribution of Protected Information Transcripts**.  The portions of any deposition transcript that Outside Counsel for either party has designated on the record at the deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY and any

Protected Information that is marked as a deposition exhibit, shall be treated as Protected Information.  Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Protected Information for thirty days after the transcript is delivered to the parties' Outside Counsel.  During the thirty day period, either party's Outside Counsel may designate, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Protected Information.  Notwithstanding this thirty day period, Outside Counsel shall, if practicable, make a reasonable, good faith effort to designate portions of transcript pages pursuant to this section earlier than thirty days.  Transcript pages and exhibits containing Protected Information shall be distributed only to the deponent, the deponent's outside counsel, Outside Counsel for the parties, and to Experts who are not regular employees of any party, and who are actively assisting in the preparation for and/or trial of this action.

14.  **Resolution of Disputes Regarding Designation**.  If a receiving party, at any time, wishes to have the CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY designation of any particular document, information, or witness testimony as Protected Information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation.  Thereafter, the party challenging the designation and the designating party or nonparty shall make good faith efforts to resolve the dispute.  If the party or non-party designating the information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court orally or in writing (by means of a letter or formal motion) for an order removing or changing the designation; provided, however, that the designating party shall have the burden of proving that such particular Protected Information is properly designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY. If such motion is made, the parties shall treat the document, testimony or information as originally designated until the motion is decided by the Court.

## GENERAL PROVISIONS

15.  **Limitation On Use and Disclosure**.  Except to this extent expressly authorized in this Order, Protected Information shall not be used or disclosed for any purpose other than the

preparation and trial of this action and any appeals therefrom, provided, however, that nothing in this Order shall be deemed to restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

16. **No presumption of Protected Status**. This Protective Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent powers. Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, or proprietary or otherwise protectable Protected Information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

17. **Inadvertent Disclosure of Protected Information**. Inadvertent failure to designate as Protected Information any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within fifteen days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Designating Party to appropriately legend the information in accordance with this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designing Party's claims of confidentiality of any information therein.

18. **Inadvertent Disclosure of Work Product or Privileged Information**. Inadvertent production of documents or things subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the Receiving Party in writing of such inadvertent production within five days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the producing party upon request, provided that the producing party establishes the circumstances surrounding the documents or things inadvertent production. No use shall be made of such documents and things

during deposition or at trial, nor shall they be shown to anyone who has not already been given

access to them prior to the request to return them.  If, after conferring, the parties are unable to

reach a satisfactory agreement, the Producing Party may petition this Court regarding the matter.

To the extent not previously disclosed, the Receiving Party shall not disclose the document or

thing for which the belated claim of immunity or privilege is being made to any person, other than

those persons who have had it in their possession prior to receipt of notification from the

Producing Party, until ten business days after receipt of the notification or, if a petition to this

Court is submitted until disposition of that petition.

19.     **Subpoena of Protected Information**.  If any entity subpoenas or orders

production of Protected Information that a Receiving Party has obtained subject to this Order, such

party shall promptly notify the Designating Party of the pendency of the subpoena or order and

shall not produce the information until the Designating Party shall have reasonable time (which

shall be not less than ten days) to object or take other appropriate steps to protect the information.

20.     **Mutual Exchange of Confidentiality Agreements**.  The parties shall mutually

exchange copies of all signed Exhibit B Confidentiality Agreements.  Exhibit A Confidentiality

Agreements of Proposed Experts shall be exchanged as provided in ¶ 10.

21.     **Continuing Jurisdiction**.  After the conclusion of the above-captioned action, the

provisions of this Order shall continue to be binding until further order of this Court, and this

Court shall retain jurisdiction over the parties and any other person who has had access to

Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

22.     **Modification**.  This order may be modified by this Court for good cause shown.

This Court shall enter a subsequent order addressing the use of Protected Information at trial or at

the conclusion of the above-captioned action as to any party.

23.     **Duty to Return or Destroy Documents and Things**.  Within sixty days after

conclusion of the above-captioned action (including all appeals and further proceedings resulting

therefrom), all documents and things containing Protected Information (other than pleadings,

discovery responses and exhibits contained in the official court record and attorney-work product

documents) shall be returned to the Designating Party or shall be destroyed.  Counsel for any party

or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety days after the conclusion of the above-captioned action.

24. **Interpretation: Headings**. Should the parties have any issues concerning the, interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

25. **Public Documents**. None of the restrictions set forth in this Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Protective Order. Nothing in this Protective Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the receiving party. The terms of the treatment of Protected Information pursuant to the Protective Order shall be effective only upon the effective date of this Protective Order.

26. **No Probative Value**. This Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY. This Protective Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY or (b) whether any particular information or materials is or is not entitled to a greater or lesser degree of protection under the terms of this Protective Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this action shall not be offered in any action or

/ / /

1  proceeding before any court, agency or tribunal as evidence of or concerning whether or not such

2  information is admissible, confidential or proprietary.

3

4  PURSUANT TO STIPULATION, IT IS SO ORDERED

5  February __6__, 2007.

6

7                                        JOSEPH C. SPERO
                          UNITED STATES MAGISTRATE JUDGE

8

9  AGREED TO AS TO
   FORM AND SUBSTANCE

10

          / s /
11  _____
   DEAN A. MOREHOUS
12  CHRISTOPHER L. OGDEN
   THELEN REID BROWN RAYSMAN & STEINER LLP
13
   Attorneys for Plaintiff and Counterclaim Defendant
14  REID-ASHMAN MANUFACTURING, INC.

15

16  AGREED TO AS TO
   FORM AND SUBSTANCE

17

18  _____
   RICHARD L. SCHWARTZ, TX BAR NO. 17869500
19  WHITAKER CHALK SWINDLE & SAWYER L.L.P.

20  Attorney for Defendant and Counterclaim Plaintiff
   SWANSON SEMICONDUCTOR SERVICE, LLC

21

22

23

24

25

26

27

28

1　DEAN A. MOREHOUS, CA BAR NO. 111841
　　dam@thelen.com
2　THELEN REID BROWN RAYSMAN & STEINER LLP
　　101 Second Street, Suite 1800
3　San Francisco, CA 94105–3606
　　Tel. 415.371.1200
4　Fax 415.371.1211
　　Attorneys for Plaintiff and Counterclaim Defendant
5　REID-ASHMAN MANUFACTURING, INC.

6　Richard L. Schwartz, TX BAR NO. 17869500
　　rschwartz@whitakerchalk.com
7　WHITAKER CHALK SWINDLE & SAWYER L.L.P.
　　301 Commerce Street, Suite 3500
8　Fort Worth, TX 76102-4186
　　Tel. 817.878.0500
9　Fax. 817.878.0501
　　Attorneys for Defendant and Counterclaim Plaintiff
10　SWANSON SEMICONDUCTOR SERVICE, LLC
　　Appearing *pro hac vice*

11

12　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　FOR THE NORTHERN DISTRICT OF CALIFORNIA
13　　　　　　　　　SAN FRANCISCO DIVISION

14　REID-ASHMAN MANUFACTURING, INC.,　　CASE NO.: C 06–04693 JCS
　　a California corporation,
15
　　　　　Plaintiff and Counterclaim Defendant,　　**CONFIDENTIALITY AGREEMENT**
16　　　　　　　　　　　　　　　　　　　　　　　　　**AND UNDERTAKING FOR EXPERTS**
　　vs.　　　　　　　　　　　　　　　　　　　　　**RECEIVING PROTECTED**
17　　　　　　　　　　　　　　　　　　　　　　　　**INFORMATION**
　　SWANSON SEMICONDUCTOR SERVICE,
18　LLC, a Texas limited liability company,

19　　　　　Defendant and Counterclaim Plaintiff.

20

21
　　　　　　　　　　　　　　　　**EXHIBIT A**
22

23　　　　I, _____, state the following:

24　　　　1.　　I have been retained by _____ [party] to serve as an

25　_____ [describe proposed area of expertise, such as "network," "data transfer" or

26　"financial"] in the above-captioned action.

27　/ / /

28

2. I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the order, both with respect to this Court's powers of supervision of the litigation of the above-captioned action, and, contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking.

3. I shall not use nor disclose to others any Protected Information, except for purposes of providing my consulting and/or testifying expertise to the receiving Party and then solely in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separated legal and equitable recourse by the adversely affected Designating Party.

_____

_____
Signature

_____
Printed Name

_____
Address

1   DEAN A. MOREHOUS, CA BAR NO. 111841
    dam@thelen.com
2   THELEN REID BROWN RAYSMAN & STEINER LLP
    101 Second Street, Suite 1800
3   San Francisco, CA 94105–3606
    Tel. 415.371.1200
4   Fax 415.371.1211
    Attorneys for Plaintiff and Counterclaim Defendant
5   REID-ASHMAN MANUFACTURING, INC.

6   Richard L. Schwartz, TX BAR NO. 17869500
    rschwartz@whitakerchalk.com
7   WHITAKER CHALK SWINDLE & SAWYER L.L.P.
    301 Commerce Street, Suite 3500
8   Fort Worth, TX 76102-4186
    Tel. 817.878.0500
9   Fax. 817.878.0501
    Attorneys for Defendant and Counterclaim Plaintiff
10  SWANSON SEMICONDUCTOR SERVICE, LLC
    Appearing *pro hac vice*

11

12              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
13               SAN FRANCISCO DIVISION

14  REID-ASHMAN MANUFACTURING, INC.,   CASE NO.: C 06–04693 JCS
    a California corporation,
15
         Plaintiff and Counterclaim Defendant,   **CONFIDENTIALITY AGREEMENT**
16
         vs.
17
    SWANSON SEMICONDUCTOR SERVICE,
18  LLC, a Texas limited liability company,
19
         Defendant and Counterclaim Plaintiff.
20
                        **EXHIBIT B**
21

22       I, _____, state the following:

23       1.       I have read and understand the Stipulated Protective Order (the "Order") to which

24  this Exhibit B is annexed (and whose definitions are incorporated herein) and I attest to my

25  understanding that access to information designated as "CONFIDENTIAL" may be provided to

26  me and that such access shall be pursuant to the terms and conditions and restrictions of the order.

27  I agree to be bound by the terms of the order, both with respect to this Court's powers of

28

014539.0001\803456.1

1  supervision of the litigation and, contractually to any Designating Party, which I acknowledge to

2  be an expressly intended beneficiary of the undertakings I give in this Confidentiality B

3  Agreement.

4       2.    I shall not use or disclose to others, except in accordance with the Order, any

5  Protected Information, I understand that I shall be subject to sanctions by way of contempt of

6  court and to separate legal and equitable recourse by the adversely affected Designating Party.

7

8  _____        _____
                                                  Signature

9

10

11                                      _____
                                                   Printed Name

12

13

14                                      _____
                                                   Address

15

16                                      _____

17                                      Individual or Entity Represented

18

19

20

21

22

23

24

25

26

27

28