UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID-ASHMAN MANUFACTURING, INC., | Case No. C-06-04693 JCS |
| Plaintiff, | |
| v. | **ORDER GRANTING RENEWED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION [Docket No. 103]** |
| SWANSON SEMICONDUCTOR SERVICE, L.L.C., | |
| Defendant. | |

_____/

## I.    INTRODUCTION

Plaintiff Reid-Ashman Manufacturing, Inc. ("Reid-Ashman") filed this patent infringement action on August 2, 2006. Defendant Swanson Semiconductor Service, LLC ("Swanson") moved to dismiss or transfer the action to the Northern District of Texas under 28 U.S.C. § 1404(a). The Court denied that motion on November 13, 2006. On July 9, 2007, Swanson filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Swanson now brings a Renewed Motion to Transfer Venue to the Northern District of Texas, Fort Worth Division (the "Motion"), asking the Court to transfer this action pursuant to 28 U.S.C. § 1412, which applies specifically to proceedings related to bankruptcy proceedings. The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). **Accordingly, the hearing scheduled for February 29, 2008, is vacated**. For the reasons stated below, the Motion is GRANTED.

**II.     ANALYSIS**

     **A.     Whether § 1404 or § 1412 Applies**

As a preliminary matter, the Court must determine whether Swanson's transfer request falls under 28 U.S.C. § 1404(a), as Reid-Ashman asserts, or under 28 U.S.C. § 1412, as Swanson argues. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." While the language of the two provisions is very similar, the former provision affords deference to the plaintiff's choice of forum whereas the latter provision carries a presumption in favor of the court in which the debtor's bankruptcy case is pending. *See SenoRx v. Coudert Bros., LLP*, 2007 WL 2470125 * 1 (N.D. Cal. August 27, 2007).

While it is clear that § 1412 applies to claims asserted directly against an estate, courts have struggled where claims are merely "related." The test for whether a proceeding is related has been articulated as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Hohl v. Bastian*, 279 B.R. 165, 173 & n.6 (W.D. Pa. 2002) (articulating test for bankruptcy jurisdiction under 28 U.S.C. § 1334 and noting that test has been adopted by Ninth Circuit as well as other circuit courts). Although some courts have held that § 1404 applies to related proceedings, the majority of courts, including courts in this district, have held that § 1412 applies to such proceedings. *See id*. This Court agrees. Further, because Reid-Ashman seeks to enjoin Swanson from selling its only product, test-head manipulators, this action is undoubtedly related to the administration of the estate.

1    **B.    Factors Considered in Determining Whether § 1412 Transfer is Appropriate**

2    In *SenoRx*, the court set forth the following factors that are considered in determining

3    whether to grant a § 1412 transfer on the basis that it is "in the interest of justice":

4    The variety of factors considered include the economics of estate
     administration, the presumption in favor of the "home court", judicial

5    efficiency, the ability to receive a fair trial, the state's interest in
     having local controversies decided within its borders by those familiar

6    with its laws, the enforceability of the judgment, and plaintiff's
     original choice of forum. *See In re Bruno's, Inc.,* 227 B.R. at 324-25.

7    "[T]he most important consideration is whether the requested transfer
     would promote the economic and efficient administration of the

8    estate." *In re Commonwealth Oil Refining Co ., Inc.,* 596 F.2s 1239,
     1247 (5th Cir.1979). The "home court" is the bankruptcy court in

9    which the debtor's case is pending. See Irwin v. Beloit Corp. (*In re
     Harnischfeger Indus.*), 246 B.R. 421, 440 (Bankr.N.D.Ala.2000).

10

11   2007 WL 2470125 at *1.  In addition, the convenience of the parties is considered, even where

12   transfer is sought in the interest of justice. *In re Bruno*, 227 B.R. 311, 325 (S.D. Ala. 1998).  Among

13   the factors court may consider in this respect are: 1) location of the plaintiff and the defendant;

14   2) ease of access to necessary proof; 3) convenience of witnesses; 4) availability of subpoena power

15   for the unwilling witnesses; and 4) expenses related to obtaining witnesses.  *Id*.  Here, the Court

16   finds that while the convenience factors do not point strongly in favor of or against transfer – as the

17   Court discussed in its prior order addressing Swanson's request for a transfer under § 1404(a) –  the

18   factors listed above, relating to the "interest of justice" prong of § 1412, favor transfer of this action

19   to the Northern District of Texas.

20   First, resolution of Reid-Ashman's claims will have a significant impact on the estate

21   because the accused product is Swanson's main source of revenue and therefore Reid-Ashman's

22   claims, if successful, will likely deprive Swanson of the ability to pay its creditors.  Second, the

23   "home court" is the Northern District of Texas.  Third, judicial efficiency favors transfer so that all

24   of the claims can be administered in the same district.  Finally, although § 1412 requires

25   consideration of the plaintiff's choice of forum, the Court finds that in this case, where Reid-

26   Ashman no longer has its principal place of business in California, that choice is entitled to minimal

27   deference and is not sufficient to override the considerations listed above.  *See Unisys Corp. v.*

28   *Access Co., Ltd.*, 2005 WL 3157457 (N.D. Cal. November 23, 2005).  Therefore, the Court

concludes that transfer is in the interest of justice.

**III.     CONCLUSION**

For the reasons stated above, the Motion is GRANTED.  The Clerk is instructed to forward the file in this case to the Northern District of Texas, Fort Worth Division.

IT IS SO ORDERED.

Dated: February 14, 2008

JOSEPH C. SPERO
United States Magistrate Judge